**AMY L. GOLDMAN, CHAPTER 7 TRUSTEE**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Email: Marisol.Jaramillo@lewisbrisbois.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DAYO BEVERLY,<br><br>Debtor(s). | Case No. 1:26-bk-10131-MB<br><br>Chapter 7<br><br>**TRUSTEE'S NOTICE OF INTENT TO ABANDON CERTAIN (1) REAL PROPERTY AND (2) CLAIMS AGAINST SN SERVICING CORPORATION PURSUANT TO 11 U.S.C. § 554; DECLARATION OF AMY L. GOLDMAN**<br><br>**[No Hearing Required Unless Requested]**<br>Date:<br>Time:<br>Place: |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, TO ALL SCHEDULED CREDITORS OF THE ESTATE, AND PARTIES IN INTEREST:**

**NOTICE IS HEREBY GIVEN** that, pursuant to 11 U.S.C. § 554, Rule 6007 of the Federal Rules of Bankruptcy Procedure ("FRBP"), and Rules 6007-1 and 9013-1(o) of the Local Bankruptcy Rules ("LBR"), AMY L. GOLDMAN, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of DAYO BEVERLY (the "Debtor") of the above-captioned chapter 7 case (the "Case"), intends to abandon the Estate's interest, if any, in and to: (1) the scheduled real property located at 5434 Nestle Avenue, Tarzana, California 91356 (the "Real Property"), and (2) the scheduled Debtor's lawsuit Dayo Beverly v. SN Servicing Corporation, Case number

25VECV01519, pending before the Superior Court of California, County of Los Angeles (the "Lawsuit") (collectively, the "Abandoned Property").

**NOTICE IS FURTHER GIVEN** that the Trustee makes this abandonment of the Real Property on the grounds that it has little to no value to the Estate.

On January 22, 2026 (the "Petition Date"), the Debtor commenced the Case by filing a voluntary chapter 7 petition. [*See* Docket No. 1.]

The Debtor's scheduled value of the Real Property is $1,000,000. [*See* Docket No. 46.] The Debtor scheduled a secured claim of SN Servicing Corporation against the Real Property in the sum of $1,273,621.21 and as disputed [*See* Docket No. 46.].

Additionally, the Trustee understands the Real Property was foreclosed on and sold at public auction to a non-debtor third-party on January 21, 2026, and the related Trustee's Deed Upon Sale was recorded on February 12, 2026.

To the best of the Trustee's knowledge, information and belief, and based on the Trustee's business judgment, the Trustee has determined there is no realizable equity in the Real Property to benefit the Estate.

Accordingly, the Trustee has determined the Real Property is burdensome to the Estate or of inconsequential value and benefit to the Estate, and will be abandoned.

**NOTICE IS FURTHER GIVEN** that the Trustee makes this abandonment of the Lawsuit on the grounds that it has little to no value to the Estate.

Prior to the Petition Date, the Debtor commenced the Lawsuit on or about March 17, 2025 by filing a complaint for damages and equitable relief against SN SERVICING CORPORATION, a business entity; and DOES 1-50, inclusive. On or about March 28, 2025, the Debtor filed in the Lawsuit a first amended complaint for damages and equitable relief against SN SERVICING CORPORATION, a business entity; and DOES 1-50, inclusive, for (1) violations of California Civil Code Section 2923.6, (2) violations of California Civil Code Section 2923.7, and (3) violations of California Business & Professions Code section 17200, et seq., related to the Real Property attempting in part to stop the foreclosure sale of the Real Property. The Trustee understands the Debtor intends to file a second amended complaint in the Lawsuit asserting various causes of action

against SN SERVICING CORPORATION, a business entity; and DOES 1-50, inclusive, arising from the alleged wrongful foreclosure of the Real Property. The Trustee understands SN Servicing Corporation disputes all of the Debtor's allegations and the matter is contested.

The Debtor scheduled the value of the Lawsuit as unknown. [*See* Docket No. 46.]

Further, to the best of the Trustee's knowledge, information and belief, the Debtor continues to occupy the Real Property.

Based on the Trustee's review of the asserted causes of action in the Lawsuit, the Trustee's discussions of the allegations with both the Debtor's and creditors' counsel, the nature of the Lawsuit, the potential likelihood of an appeal, and the issues related to or with the Debtor relocating, and having determined in her business judgment that pursuing any such Lawsuit would likely only increase the administrative costs to the Estate without benefitting the Estate, and based on the Real Property being sold pre-petition at public auction to a non-debtor third-party, and the Real Property having no realizable equity for the benefit of the Estate, the Trustee has determined in her business judgment that the Lawsuit is burdensome to the Estate or of inconsequential value and benefit to the Estate. Accordingly, the Lawsuit will be abandoned.

**NOTICE IS FURTHER GIVEN** that the Trustee intends to request an order from the Court that does all of the following:

1. Determines that the Abandoned Property is burdensome to the Estate;

2. Determines that the Abandoned Property is of inconsequential value and benefit to the Estate;

3. Determines that adequate notice has been provided of such abandonment pursuant to FRBP 6007(a);

4. Authorizes the abandonment of the Abandoned Property; and

5. Confirms the Abandoned Property is abandoned.

**NOTICE IS FURTHER GIVEN** that, pursuant to LBR 9013-1(o), the deadline to file with the Court and serve a written response or opposition to this Notice and a request for a hearing is fourteen (14) days after the date of service of this Notice, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F). Any response or opposition and request for hearing must

be served on the Trustee, Debtor, Debtor's counsel, and United States Trustee at the following addresses:

| | |
|---|---|
| ***For Service on the Trustee:***<br>**Amy L Goldman (TR)**<br>633 W 5th Street, Suite 4000<br>Los Angeles, CA 90071 | ***For Service on the U.S. Trustee:***<br>**United States Trustee (SV)**<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017 |
| ***For Service on the Debtor:***<br>Dayo Beverly<br>5434 Nestle Avenue<br>Tarzana, CA 91356 | ***For service on the Debtor's Counsel***<br>Roseann Frazee<br>Frazee Law Group<br>5133 Eagle Rock Boulevard<br>Los Angeles, CA 90041 |

**NOTICE IS FURTHER GIVEN** that, pursuant to LBR 6007-1(b), if a timely objection and request for hearing is filed and served, the party requesting the abandonment must, within fourteen (14) days from the date of service of such objection, file a reply under LBR 9013-1(g) and a notice of hearing pursuant to LBR 9013-1(c) and set a hearing on at least fourteen (14) days' notice to each objecting party and to the United States Trustee.

**NOTICE IS FURTHER GIVEN** that if no timely response or opposition is filed, the Court may enter an order upon the Trustee's compliance with LBR 9013-1(o)(3) without a hearing.

DATED: September 3, 2026 CHAPTER 7 TRUSTEE

By: /s/ Amy L. Goldman
AMY L. GOLDMAN, CHAPTER 7 TRUSTEE

# DECLARATION OF AMY L. GOLDMAN

I, AMY L. GOLDMAN, declare:

1. I am the duly-appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate (the "Estate") of the debtor DAYO BEVERLY (the "Debtor") of the above-caption chapter 7 case (the "Case").

2. This declaration is made in support of my **TRUSTEE'S NOTICE OF INTENT TO ABANDON CERTAIN (1) REAL PROPERTY AND (2) CLAIMS AGAINST SN SERVICING CORPORATION PURSUANT TO 11 U.S.C. § 554** (the "Notice of Intent").

3. Except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

4. The Court may take judicial notice of the following:

(a) On January 22, 2026 (the "Petition Date"), the Debtor commenced the Case by filing a voluntary chapter 7 petition. [*See* Docket No. 1.]

(b) The Debtor's scheduled value of the real property located at 5434 Nestle Avenue, Tarzana, California 91356 (the "Real Property") is $1,000,000. [*See* Docket No. 46.]

(c) The Debtor scheduled a secured claim of SN Servicing Corporation against the Real Property in the sum of $1,273,621.21 and as disputed [*See* Docket No. 46.].

5. I further understand, based on information and belief, the Real Property was foreclosed on and sold at public auction to a non-debtor third-party on January 21, 2026, and the related Trustee's Deed Upon Sale was recorded on February 12, 2026.

6. To the best of my knowledge, information and belief, and based on my business judgment, I have determined there is no realizable equity in the Real Property to benefit the Estate.

7. I have determined the Real Property is burdensome to the Estate or of inconsequential value and benefit to the Estate, and should be abandoned.

8. Based on my knowledge, information and belief, prior to the Petition Date, the Debtor commenced the Debtor's scheduled lawsuit Dayo Beverly v. SN Servicing Corporation, Case number 25VECV01519, pending before the Superior Court of California, County of Los Angeles (the "Lawsuit") on or about March 17, 2025 by filing a complaint for damages and

equitable relief against SN SERVICING CORPORATION, a business entity; and DOES 1-50, inclusive. Further, on or about March 28, 2025, the Debtor filed in the Lawsuit a first amended complaint for damages and equitable relief against SN SERVICING CORPORATION, a business entity; and DOES 1-50, inclusive, for (1) violations of California Civil Code Section 2923.6, (2) violations of California Civil Code Section 2923.7, and (3) violations of California Business & Professions Code section 17200, et seq., related to the Real Property attempting in part to stop the foreclosure sale of the Real Property. The Trustee further understands the Debtor intends to file a second amended complaint in the Lawsuit asserting various causes of action against SN SERVICING CORPORATION, a business entity; and DOES 1-50, inclusive, arising from the alleged wrongful foreclosure of the Real Property. I understand SN Servicing Corporation disputes all of the Debtor's allegations and the matter is contested.

9. The Court may take judicial notice of the following: The Debtor scheduled the value of the Lawsuit as unknown. [*See* Docket No. 46.]

10. To the best of my knowledge, information and belief, the Debtor continues to occupy the Real Property, and there is no realizable equity in the Real Property to benefit the Estate.

11. Based on my review of the asserted causes of action in the Lawsuit, my discussions of the allegations with both the Debtor's and creditors' counsel, the nature of the Lawsuit, the potential likelihood of an appeal, and the issues related to or with the Debtor relocating, and having determined in my business judgment that pursuing any such Lawsuit would likely only increase the administrative costs to the Estate without benefitting the Estate, and based on the Real Property being sold pre-petition at public auction to a non-debtor third-party, and the Real Property having no realizable equity for the benefit of the Estate, I have determined in my business judgment that the Lawsuit is burdensome to the Estate or of inconsequential value and benefit to the Estate, and that the Lawsuit should be abandoned.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of September 2026 at Los Angeles, California.

/s/ Amy L. Goldman
AMY L. GOLDMAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**633 W. 5th Street, Suite 4000, Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*): **Trustee's Notice of Intent to Abandon Certain (1) Real Property and (2) Claims Against SN Servicing Corporation Pursuant to 11 U.S.C. § 554; Declaration of Amy L. Goldman** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 3, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **ATTORNEY FOR CREDITOR Sarah Arlene Dooley-Lewis** sdooleylewis@raslg.com
- **ATTORNEY FOR INTERESTED PARTY Dane W Exnowski** dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **ATTORNEY FOR DEBTOR Roseann Frazee** roseann@frazeelawgroup.com
- **CHAPTER 7 TRUSTEE Amy L Goldman (TR)** marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
- **ATTORNEY FOR INTERESTED PARTY Rosemary Hong** bknotice@mccarthyholthus.com
- **ATTORNEY FOR CREDITOR Crystle Jane Lindsey** clindsey@ghidottiberger.com
- **CLAIMS PROCESSOR FOR CREDITORS Amitkumar Sharma** amit.sharma@aisinfo.com
- **UNITED STATES TRUSTEE United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) **September 3, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **September 3, 2026** | Marisol Jaramillo | [signature] |
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION:**

2. **SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL:**
   **[NOT SERVED ON THE JUDGE PER GENERAL ORDER 22-02, 21-05(12) AND JUDGE BARASH'S INSTRUCTIONS/PROCEDURES-SERVING JUDGE'S COPY OF DOCUMENTS (Updated 01/08/24]**

**PRESIDING JUDGE:**
Honorable Martin R. Barash
United Bankruptcy Court
Central District of States California
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

**DEBTOR:**
Dayo Beverly
5434 Nestle Avenue
Tarzana, CA 91356

☒ Service information continued on attached page

Label Matrix for local noticing
0973-1
Case 1:26-bk-10131-MB
Central District of California
San Fernando Valley
Thu Sep 3 13:45:58 PDT 2026

BMW Financial Services NA, LLC, c/o AIS Port
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance, a division of (
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Financial Services Vehicle Trust
c/o McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108-3708

U.S. Bank Trust National Association
Robertson, Anschutz, Schneid, Crane
13010 Morris Road, Suite 450
Alpharetta, GA 30004-2001

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Discover Bank
2500 Lake Cook Road
Riverwoods, IL 60015-3801

(p)DOVENMUEHLE MORTGAGE
1 CORPORATE DRIVE SUITE 360
LAKE ZURICH IL 60047-8945

Ghidotti Berger
1920 Old Tustin Avenue
Santa Ana, CA 92705-7811

Navy Federal Credit Union
820 Follin Ln SE
Vienna, VA 22180-4907

(p)POWERPAY
ATTN ARLENE CARDIE
2900 HORIZON DRIVE
KING OF PRUSSIA PA 19406-2651

(p)SN SERVICING CORPORATION
323 FIFTH ST
EUREKA CA 95501-0305

TVC Funding IV REO
1920 Old Tustin Avenue
Santa Ana, CA 92705-7811

TVC Funding LLC
7500 Old Georgetown Rd Ste 1375
Bethesda, MD 20814-6241

Toyota Motor Credit Corporation
14841 Dallas Parkway
Suite 300
Dallas, TX 75254-7883

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

(p)AMY L GOLDMAN TR
633 W 5TH STREET SUITE 4000
LOS ANGELES CA 90071-2074

Dayo Beverly
5434 Nestle Avenue
Tarzana, CA 91356-3615

Roseann Frazee
Frazee Law Group
5133 Eagle Rock Boulevard
Los Angeles, CA 90041-1114

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Dovenmuehle Mortgage Inc
1 Corporate Drive Suite 360
Lake Zurich, IL 60047

Powerpay
2900 Horizon Dr Suite 200
King of Prussia, PA 19406

SN Servicing Corporation
323 5th Street
Eureka, CA 95501

Amy L Goldman (TR)
633 W 5th Street, Suite 4000
Los Angeles, CA 90071

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)NexBank

(u)U.S. Bank Trust National Association,

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 19 |
| Bypassed recipients | 3 |
| Total | 22 |